**1211-15**

NO. 03-14-00401-CR:

ORIGINAL

## IN THE
## COURT OF CRIMINAL APPEALS OF TEXAS

JOHNNY FLORES NAVARRO
APPELLANT.

VS.

THE STATE OF TEXAS,
APPELLEE.

FROM THE 51st JUDICIAL DISTRICT COURT OF
TOM GREEN COUNTY, TEXAS
HONORABLE TOM GOSSETT, DISTRICT JUDGE PRESIDING

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW:

FILED BY:
~~JOHNNY~~ JOHNNY FLORES NAVARRO, PRO SE
FERGUSON UNIT
12120 SAVAGE, AVE
MIDWAY, TEXAS 75852

FILED IN
COURT OF CRIMINAL APPEALS

DEC 04 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 02 2015

Abel Acosta, Clerk



# TABLE OF CONTENTS

| | PAGE |
|---|---|
| IDENTITY OF PARTIES AND COUNSEL | 2 |
| INDEX OF AUTHORITIES | 3 |
| STATEMENT OF THE CASE | 4 |
| STATEMENT OF FACTS | 5-7 |
| SUMMARY OF ARGUMENT | 8 |
| ARGUMENT | 9-14 |
| PRAYER | 15 |
| CERTIFICATE OF SERVICE | 16 |
| I/M declaration | 17 |
| ORAL ARGUMENT | 18-19 |
| APPENDIX | 20 |
| EXHIBIT | 21 |

P. 1

# PARTIES AND COUNSEL

COUNSEL FOR STATE OF TEXAS:

JOHN BEST
ASSISTANT DISTRICT ATTORNEY
STATE BAR NO. 00796203
124 W. BEAUREGARD
SAN ANGELO, TEXAS 76903

MEAGHAN WHITE
ASSISTANT DISTRICT ATTORNEY
STATE BAR NO. 24060973
124 W. BEAUREGARD
SAN ANGELO, TEXAS 76903

APPELLANT:

JOHNNY FLORES NAVARRO

APPELLANT'S TRIAL COUNSEL:

CHARLES KING
STATE BAR NO. 11436525
101 S. PARK
SAN ANGELO, TEXAS 76901

APPELLANT'S APPELLATE COUNSEL:

JIMMY STEWART
101 S. PARK
SAN ANGELO, TEXAS 76901
STATE BAR NO. 19211300

P. 2

# INDEX OF AUTHORITIES

PAGE

BRYANT V. SCOTT, 28 F. 3d 1411, 1419 (5th CIR. 1994). 14

EVITTS V. LUCEY, 105 S. Ct. 830 . . . . . . . . . 13

EX PARTE VARELAS, 45 S.W. 3d 627 (TEX. CRIM. APP. 2001). 11

MOORE V. MARR, 254 F. 3d 1235, 1241 (10th CIR. 2001). 12

MOSES V. STATE, 165 S.W. 3d 622 (TEX. CRIM. APP. 2003) . . . 11

~~Nieeeeee Nance Peee Hause ateees~~

NIXON V. NEWSOME, 888 F. 2d 112 (11th CIR. 1989). . . . 12

STRICKLAND V. WASHINGTON, 466 U.S. 668, 104 S. Ct. 2052. 14
80 L. Ed. 2d 674 (1984).

TEX. CONST. ART. 1 § 10. . . . . . . . . . 10

TEX. CODE CRIM. PROC. ANN. ART. 21. 22. . . . . . 10

TEX. CODE CRIM. PROC. ART. 15.05. . . . . . 10

TEX. RULES OF EVIDENCE 404 (b). . . . . 11

TEXAS PENAL CODE § 9.63. . . . . . . 14

UNITED STATES V. BUTLER, 504 F. 2d 220, 224 (D.C. CIR. 1974)
12

VERNON'S ANN. C.C.P. ART. 2.05. . . . . . 10

# STATEMENT OF THE CASE

THE DEFENDANT, JOHNNY FLORES NAVARRO WAS INDICTED FOR ASSAULT/FAMILY VIOLENCE/IMPEDING BREATH OR CIRCULATION, A THIRD-DEGREE FELONY. THE CHARGE WAS ENHANCED TO HABITUAL STATUS BY TWO PRIOR FELONY CONVICTIONS.

POLICE WERE CALLED TO SAN ANGELO LODGE IN JANUARY OF 2013 BY MOTEL EMPLOYEES WHO HEARD WHAT SOUNDED LIKE A DISTURBANCE IN ONE OF THE MOTEL ROOMS. WHEN THE INITIAL RESPONDING OFFICER ARRIVED HE MET WITH MINERVA LOPEZ. SHE APPEARED TO HAVE INJURIES ON HER FACE AND ARMS AND TOLD THE OFFICER THAT SHE HAD BEEN ASSAULTED BY HER BOYFRIEND, JOHNNY NAVARRO.

AT THE TRIAL, MINERVA NAVARRO (FORMERLY MINERVA LOPEZ) TESTIFIED THAT JOHNNY NAVARRO REFUSED TO LET HER LEAVE THE MOTEL ROOM. SHE SAID THAT HE HELD HER ON THE FLOOR AND COVERED HER MOUTH AND NOSE WITH HIS HAND. SHE SAID SHE WAS UNABLE TO BREATHE. SHE DID NOT TESTIFY AT TRIAL THAT DEFENDANT HAD STRUCK HER.

ON CROSS-EXAMINATION, MS. NAVARRO ADMITTED THAT SOME MONTHS AFTER THE ABOVE REFERENCE INCIDENT, SHE HAD SIGNED TWO STATEMENTS SAYING THAT DEFENDANT DID NOT ASSAULT HER. SHE ALSO ADMITTED TO TELLING HER PSYCHIATRIST DOCTOR THAT THE ASSAULT DID NOT OCCUR. FINALLY, SHE TOLD MR. NAVARRO'S PAROLE OFFICER THAT HE DID NOT ASSAULT HER.

DESPITE THESE CONTRADICTIONS IN HER TESTIMONY, THE TRIAL COURT FOUND DEFENDANT GUILTY OF THE OFFENSE. THE COURT ALSO FOUND THE ENHANCEMENTS TRUE, AND SENTENCED HIM TO 30 YEARS IN THE PENITENTIARY.

P. 4

# STATEMENT OF FACTS

THE DEFENDANT, JOHNNY FLORES NAVARRO, WAS INDICTED ON MAY 7, 2013 BY A TOM GREEN COUNTY GRAND JURY FOR THE OFFENSE OF ASSAULTING MINERVA LOPEZ, A PERSON WITH WHOM THE DEFENDANT HAD A DATING RELATIONSHIP, BY IMPEDING THE BREATHING OR CIRCULATION. THE INDICTMENT ALSO CONTAINS TWO ENHANCEMENT PARAGRAPHS THAT THE DEFENDANT HAD TWO PRIOR CONVICTIONS FOR INJURY TO A CHILD AND BURGLARY OF A VEHICLE. THE DEFENDANT PLED NOT GUILTY TO THE ASSAULT AND NOT TRUE TO EACH ENHANCEMENT.

THE STATE FIRST OFFERED TWO RECORDINGS OF 911 CALLS (RR VOL. 2, P. 19), THE STATES EXHIBIT #1. IS A RECORDING OF A 911 CALL FROM A LADY WHO IDENTIFIES HERSELF AS A HOUSE KEEPER AT THE SAN ANGELO LODGE. SHE STATES THAT A WOMAN INSIDE A ROOM IS YELLING FOR HELP AND THAT HER BOYFRIEND IS ASSAULTING HER.

IN THE RECORDING WHICH IS STATES EXHIBIT #2. THE CALLER SAYS THAT SHE WORKS AT SAN ANGELO LODGE AND HAS RECEIVED A CALL FROM A LADY IN ONE OF HER ROOMS. SHE SAYS THE THE CALLER IS REQUESTING HELP AND SHE THINKS HER BOYFRIEND MAY BE HITTING HER. THE 911 OPERATOR ASKS TO WHOM THE ROOM IS RENTED AND THE RESPONSE IS THAT IT IS RENTED TO JUAN NAVARRO.

NEXT, THE POLICE OFFICER WHO RESPONDED TO THE CALL TESTIFIED THAT, WHEN HE ARRIVED AT THE SCENE, MINERVA LOPEZ HAD VISIBLE INJURIES AND WAS DISTRAUGHT. (RR VOL. 2, P. 29) ACCORDING TO THE POLICE OFFICER, MS. LOPEZ SAID THAT HER BOYFRIEND PUNCHED HER, THREW HER TO THE GROUND AND HELD HIS HAND OVER HER MOUTH AND NOSE. (RR VOL. 2, P. 29).

P. 5.

Minerva Lopez was called to testify and stated that she and her boyfriend, Johnny, had been living at San Angelo Lodge (RR Vol. 2, P. 39) She said that Johnny and her had a romantic relationship and had previously lived at her "place" (RR Vol. 2, P. 40) She stated that on the day of the incident, she told the defendant that she wanted to leave and go live with her sisters and when she tried to leave the defendant held her down on the floor and put his hand over her mouth such that she could not breathe. (RR Vol. 2, P. 42) She further testified that he was was holding his hand over her mouth because she had starting screaming. (RR Vol. 2, P. 43) Ms. Lopez went on to say that she and the defendant married at some point after the incident she described. (RR Vol. 2, P. 48) She said that the defendant typed the statement and asked her to sign it. (RR Vol. 2, P. 49).

On cross examination, the victim stated that she had attempted suicide on more than one occasion. On two of those attempts, she had swallowed a number of pills. (RR Vol. 2, P. 54).

A statement signed by the victim was introduced into evidence. In that statement, the victim said that the statement she had given to police when the defendant was arrested was a false statement. She said that what he had done on that day was to try to keep her from taking an excess of medication. (RR Vol. 2. P. 58)

P. 6

MS. LOPEZ FURTHER STATES THAT SHE REFUSED MEDICAL TREATMENT ON THE day OF THE INCIDENT BECAUSE SHE had TAKEN PILLS IN A SUICIDE ATTEMPT. (RR VOL 2. P. 59).

ALSO ADMITTED WAS ANOTHER STATEMENT THAT THE VICTIM SIGNED SAYING THAT THERE WAS NO VIOLENCE. That IT WAS ALL A MISUNDERSTANDING AND THAT SHE did NOT WANT TO FILE CHARGES. THE STATEMENT ALSO SAYS THAT SHE WAS MAD AND UNDER PSYCHIATRIC MEDICATION. (RR VOL. 2 P. 60). MS. LOPEZ ALSO TESTIFIED THAT SHE had ANOTHER ALTERCATION WITH THE DEFENDANT OVER SLEEPING PILLS. SHE SAID THAT SHE TOOK ONE SLEEPING PILL AND WAS GOING TO TAKE ANOTHER ONE. THE DEFENDANT TOOK THE PILL bottle AND THREW IT AT HER. (RR VOL. 2. P. 65).

ON FURTHER EXAMINATION BY DEFENSE COUNSEL, THE VICTIM TESTIFIED THAT SHE had NEVER SAID THAT SHE WOULD LIKE TO TAKE A GUN AND blow HER BRAINS OUT. (RR VOL. 2. P. 53). WHEN SHE WAS LATER ASKED THAT, HER RESPONSE WAS THAT SHE did NOT RECALL EVER having SAID THAT SHE WANTED TO GET A GUN AND blow HER BRAINS OUT. (RR VOL. 2 P. 68) LATER STILL, THE VICTIM ADMITS THAT SHE did SAY SHE WOULD LIKE TO GET A GUN AND SHOOT HERSELF. (RR VOL. 2, P. 73). THE VICTIM ALSO ADMITTED THAT SHE TOLD HER PSYCH. DOCTOR THAT SHE LIED ABOUT HER boyfriend ASSAULTING HER. (RR VOL. 2. P. 74).

THE DEFENSE CALLED A PAROLE OFFICER WHO WAS FAMILIAR WITH SWORN TESTIMONY WHICH THE VICTIM had GIVEN AT A PAROLE PROCEEDING. THE OFFICER TESTIFIED THAT THE VICTIM'S TESTIMONY AT THE PAROLE HEARING WAS THAT HER husband did NOT ASSAULT HER IN JANUARY OF 2013. (RR VOL. 2. P. 95).

P. 7.

# SUMMARY OF ARGUMENT

THERE IS ERROR IN THE COMPLAINT. DEFENDANT WAS NEVER CHARGED WITH A FELONY OFFENSE.

THERE IS NO COMPLAINT ON FILE. IT does NOT MEET THE REQUIREMENTS OF TEXAS CODE CRIM. PROC. ART'S: 15.05; 2.05; 21.22:

TRIAL COUNSEL WAS INEFFECTIVE. DEFENSE COUNSEL OPENED THE door during guilt/INNOCENT PHASE OF TRIAL TO UNADJUDICATED EXTRANEOUS OFFENSES.

COUNSEL WAS INEFFECTIVE. DEFENSE COUNSEL FAILED TO IMPEACH STATE WITNESS by HER PRIOR INCONSISTENT STATEMENT'S.

DEFENSE COUNSEL WAS INEFFECTIVE - FAILURE TO CALL, SECURE; OR SUBPOENA WITNESSES; AFFIDAVITS.

DEFENSE COUNSEL WAS INEFFECTIVE - COUNSEL did NOT ARGUE ACTUAL INNOCENCE CLAIM, DEFENDANT has AN AFFIRMATIVE DEFENSE UNDER TEXAS PENAL CODE.

DEFENSE COUNSEL WAS INEFFECTIVE - FAILURE TO INVESTIGATE POTENTIAL WITNESSES. COUNSEL FILED ONE MOTION. SEE "DOCKET SHEETS";

P. 8

# ARGUMENT

## I.

I. THERE IS ERROR IN THE COMPLAINT.

APPELLANT WOULD SHOW THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS, OF TEXAS, THAT ON MARCH 6, 2013, HE WAS ARRESTED ON A BLUE WARRANT BY THE BOARD OF PARDON AND PAROLES, AND BOOKED INTO THE TOM GREEN COUNTY, TEXAS, DETENTION CENTER ON A CLASS-A MISDERMEANOR FOR THIS OFFENSE.

ON MAY 7, 2013, APPELLANT WAS SENT TO AN I.S.F. FACILITY BY THE PAROLE BOARD ON THIS CASE.

APPELLANT WAS RELEASED ON JUNE 18, 2013, FROM I.S.F., AND TWO DAYS LATER, ON JUNE 20, 2013, HE WAS RE-ARRESTED WITHOUT A WARRANT ON THIS CASE.

APPELLANT WAS INFORMED THAT ON MAY 7, 2013, HE HAD BEEN INDICTED FOR THIS CASE. THE INDICTMENT INDICATES BAIL IN THE AMOUNT OF $40,000, BUT THE RECORD IS SILENT AS TO WHETHER BAIL WAS ACTUALLY SET AT THIS AMOUNT ON MAY 7, 2013, AND IF SO, BY WHOM?

## II.

APPELLANT ARGUES THAT HE WAS NEVER CHARGED WITH A FELONY OFFENSE. THERE IS NO EVIDENCE OF A VALID COMPLAINT ON FILE OR ANYTHING FILED WITH THE MAGISTRATE.

BY STATUTE, A COMPLAINT MUST SHOW THE

P. 9

ACCUSED HAS COMMITTED SOME OFFENSE AGAINST THE LAWS OF THE STATE. TEXAS CODE CRIMINAL PROCEDURE ART'S, 15.05; 2.05. A VALID COMPLAINT IS A PREREQUISITE TO A VALID INFORMATION. TEX. CODE CRIM. PROC. ANN. ART. 21.22.

PURSUANT TO VERNON'S ANN. C.C.P. ART. 2.05, WHEN COMPLAINT IS MADE, IF THE OFFENSE BE A FELONY, THE ATTORNEY FOR THE STATE SHALL FORTHWITH FILE THE COMPLAINT WITH A MAGISTRATE OF THE COUNTY, ART. 15.05.

PURSUANT TO THE 14TH AMENDMENT, U.S. CONST., AND ART'S 1 & 10, TEXAS CONST., AN ACCUSED IS GUARANTEED THE RIGHT TO BE INFORMED OF THE NATURE AND CAUSED OF THE ACCUSATIONS AGAINST HIM IN ALL CRIMINAL ACTIONS.

APPELLANT WAS NEVER CHARGED WITH A FELONY, HE WAS JUST INDICTED, AND AS PREVIOUSLY STATED, WHO SET BAIL IN THIS CASE?

## III.

INEFFECTIVE ASSISTANCE OF COUNSEL.
TRIAL COUNSEL OPENED THE DOOR TO INADMISSIBLE EVIDENCE:

APPELLANT WOULD SHOW THE COURT THAT ON MAY 22, 2014, DURING HIS TRIAL, DEFENSE ATTORNEY OPENED THE DOOR TO UNADJUDICATED

P. 10

INAMISSIBLE EXTRANEOUS OFFENSES DURING GUILT/INNOCENCE PHASE OF TRIAL. R/R PAGE 97.

STATE PROSECUTOR CALLS POLICE OFFICER TONY LOPEZ, AFTER TRIAL COUNSEL OPENED THE DOOR TO INAMISSIBLE EVIDENCE, AND THE OFFICER TESTIFIES TO A FEBRUARY 9, 2014, ALLEGED CASE, AND STATE PROSECUTOR INTRODUCES PHOTOGRAPHS OF THE FEBRUARY 9, 2014, CASE.

WHEN DEFENSE COUNSEL OBJECTS, THE TRIAL JUDGE INFORMS DEFENSE COUNSEL THAT HE PRETTY MUCH OPENED THAT DOOR. APPELLANT POINTS OUT THAT, NOT ONLY WAS COUNSEL INEFFECTIVE, THIS WAS PREJUDICE TO APPELLANT, AND LEVEL OF PREJUDICE WAS SUFFICIENT TO UNDERMINE CONFIDENCE IN OUTCOME OF TRIAL.

MOSES V. STATE, 105 S.W. 3d 622 (TEX. CRIM. APP. 2003); EX PARTE VARELAS, 45 S.W. 3d 627 (TEX. CRIM. APP. 2001).

14TH; 6TH; 5 AMEND. U.S. CONST.

TEXAS RULES OF EVIDENCE 404(b).

A DEFENDANT IS "ENTITLED TO BE TRIED ON THE ACCUSATIONS ALLEGED ON THE INDICTMENT AND NO OTHERS. THE FEBRUARY 9, 2014, REFERENCE CASE WAS NOT ALLEGED ON THE MAY 7, 2013, INDICTMENT.

P. 11

## IV

## INEFFECTIVE ASSISTANCE OF COUNSEL.
## FAILURE TO IMPEACH:

DURING THE TRIAL, STATE WITNESS CREDIBILITY TO TESTIFY WAS CALLED INTO QUESTION BY THE INTRODUCTION OF HER PRIOR INCONSISTENT STATEMENT.

APPELLANT ARGUES THAT HIS SIXTH AMEND RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED BY HIS TRIAL COUNSEL'S FAILURE TO IMPEACH OR EVEN TO ATTEMPT TO DO SO, THIS WAS INEFFECTIVE AS WELL AS PREJUDICIAL.

COUNSEL'S FAILURE TO IMPEACH A KEY PROSECUTION WITNESS IS POTENTIALLY THE KIND OF REPRESENTATION THAT FALLS "OUTSIDE THE WIDE RANGE OF PROFESSIONALLY COMPETENT ASSISTANCE." MOORE V. MARR, 254 F.3d 1235, 1241 (10th CIR. 2001); NIXON V. NEWSOME, 888 F. 2d 112 (11th CIR. 1989).

MAKING TWO STATEMENTS THAT ARE DIFFERENT WITH REGARD TO THE SAME EVENT CALLS INTO QUESTION THE TRUTHFULNESS OF THE WITNESS, REGARDLESS OF THE TRUTH OR FALSITY OF EITHER OF THE STATEMENTS. UNITED STATES V. BUTLER, 504 F. 2d 220, 224 (D.C. CIR 1974).

## V.

## FAILURE TO CALL, SECURE, OR SUBPOENA WITNESSES, AND INTRODUCE CREDIBLE AFFIDAVIT:

P. 12

APPELLANT ALLEGES THAT HE INFORMED his TRIAL COUNSEL, WELL BEFORE THE TRIAL, ABOUT THREE OTHER PSYCHIATRIC DOCTORS, THAT had PREVIOUSLY TREATED STATE WITNESS SINCE 1999.

THESE DOCTORS WOULD HAVE PROVIDED TESTIMONY, THAT WITNESS has PROVIDED UNTRUTHFUL TESTIMONY IN OTHER SIMINAL CASES AS SHE has had EIGHT husbAND'S ALL FROM MEXICO, AND has REPORTED All OF THEM to LAW ENFORCEMENT CLAIMING SIMINAL CASES. TRIAL COUNSEL FAILURE TO INVESTIGATE OR OTHERWISE ACT UPON this INFORMATION IS INEFFECTIVE.

EVITTS V. LUCEY, 105 S. Ct. 830. 14TH AMEND. U.S. CONST.

APPELLANT INFORMED TRIAL COUNSEL TO SUBPOENA THE NOTORY PERSONAL WHO STATE WITNESS GAVE STATEMENT TO. THEY WOULD HAVE TESTIFIED THAT IT WAS WITNESS WHO PROVIDED THEM WITH HER STATEMENT, AND NOT APPELLANT.

TRIAL COUNSEL KNEW THAT "EXHIBIT-A" ATTACHED HEREWITH EXISTED, but did NOT INTRODUCED this AFFIDAVIT THAT WOULD SUPPORTED DEFENDANTS DEFENSE, AND THAT APPELLANT has ATTEMPTED TO KEEP WITNESS FROM OVERCLOSING BEFORE.

## VI.
### ACTUAL INNOCENCE!

APPELLANT RECORD CONTAINS IRREFUTABLE EVIDENCE OF ACTUAL INNOCENCE.

APPELLANT HAS AN AFFIRMATIVE DEFENSE UNDER TEXAS PENAL CODE 9.63, PREVENTING AN INCOMPETENT PERSON FROM HARMING HERSELF.

TRIAL COUNSEL did NOT SUBOENA doctoR'S GHAYAS; ESCOBAR; GROSS; MCFERREN, who would have TESTIFIED that STATE WITNESS has A history of SUICIDE ATTEMPTS, And SUFFERS FROM PSYchological INABILITY to distinguish bETWEEN truth And Fiction.

TRIAL COUNSEL FAILED to PROVIDE AND RENDER EFFECTIVE ASSISTANCE. COUNSEL has A DUTY to INTERVIEW POTENTIAL WITNESSES And to MAKE AN INDEPENDANT INVESTIGATION OF the FActs AND CIRCUMSTANCES OF the CASE. BRYANT V. SCOTT 128 F. 3d 1411, 1419 (5th CIR. 1994)

SEE "Docket-Sheets". DEFENSE COUNSEL FILED ONE MOTIONS IN APPELLANTS CASE. MOTION OF CONTINUANCE FILED MARCH 24, 2014. THE SUPREME COURT held THAT THE SIXTH AMEND Right to COUNSEL IN A CRIMINAL CASE IS A RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL. SEE STRICKLAND V. WASHINGTON, 466 U.S. 668, 104 S.Ct. 2052 80 L.Ed 2d 674 (1984).

P. 14

## PRAYER

APPELLANT PRAYS THAT THIS COURT Abade the COURT OF APPEALS Judgment, APPOINT him New COUNSEL TO RAISE the MERits in this CASE, And to grant ORAI ARgument, VACATE the SENTENCE, OR/ANY OTHER RELIEF deem Just And PROPER by the HONORABLE Justices OF this Court.

Johnny Flores, Navarro
APPELLANT, PRO SE # 1931583

## CERTIFICATE OF SERVICE

J, CERTIFY THAT THE P,D,R, And A TRUE And CORRECT COPY, And Exhibit-A, OF THE Above And FOREGOING PETITION FOR DISCRETIONARY REVIEW has been Placed And MAILED in THE MAIN WALL WAY OF THE FERGUSON UNIT, And MAILED OUT bY U,S, MAIL, POSTAGE PREPAID, First Class, TO THE CLERK OF THE COURT OF CRIMINAL APPEALS, OF TEXAS, P,O, BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711.

JOHNNY FLORES NAVARRO
APPELLANT, PRO SE, # 1931583

P. 15 & 16

I, JOHNNY FLORES NAVARRO, T.D.C.J.-I.D. #1931583, being presently INCARCERATED IN THE FERGUSON UNIT AT THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE— INSTITUTIONAL DIVISION, IN MADISON COUNTY, TEXAS, VERIFY AND DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT. EXECUTED THIS THE 27TH DAY OF NOVEMBER 2015.

JOHNNY FLORES NAVARRO
APPELLANT, PRO SE #1931583

PAGE 17.

# STATEMENT REGARDING ORAL ARGUMENT

APPELLANT REQUEST'S ORAL ARGUMENT, AND WOULD SHOW THE COURT WHY IT WOULD BE HELPFUL TO HOLD ORAL ARGUMENT IN THIS CASE:

## I.

APPELLANT POINTS OUT TO THE COURT, THAT ON MARCH 6, 2013, HE WAS ARRESTED ON A BLUE WARRANT BY THE PAROLE BOARD IN THIS CASE, AND WAS BOOKED ON A CLASS-A MISDEMENOR. APPELLANT WAS NEVER INFORMALLY CHARGED WITH A FELONY, AND THERE IS NO VALID COMPLAINT FILED WITH THE MAGISTRATE AS REQUIRED BY THE STATUTE. C.C.P. ART. 2.05. APPELLANT WAS NEVER INFORMED OF ANY CHARGES OR PROVIDED ADEQUATE NOTICE SO THAT HE MAY PREPARE A DEFENSE.

## II.

APPELLANT'S DEFENSE COUNSEL AT TRIAL, OPENED THE DOOR TO INADMISSIBLE EVIDENCE. THE TRIAL JUDGE TELLS TRIAL COUNSEL, THAT HE PRETTY MUCH OPENED DOOR TO EXTRANEOUS OFFENSES. STATE PROSECUTOR INTRODUCES TESTIMONY, AND PRODUCES PHOTOGRAPH'S IN A FEBRUARY 9, 2014, ALLEGED CASE. APPELLANT IS ON TRIAL FOR A JANUARY 15, 2013, CASE, AND NO OTHER'S.

P. 18

## III.

TRIAL COUNSEL WAS INEFFECTIVE. COUNSEL'S FAILURE TO IMPEACH WITNESS WITH PRIOR INCONSISTENT STATEMENT'S WAS INEFFECTIVE ASSISTANCE.

## IV.

APPELLATE APPEAL COUNSEL WAS INEFFECTIVE FOR FILING ANDERS BRIEF WHEN NON-FRIVOLOUS ISSUES EXISTED FOR APPEAL.
COUNSEL'S APPELLANTS BRIEF (SEE PAGES 12 AND 14), APPELLATE ATTORNEY GOES INTO THE FEBRUARY 9, 2014, ALLEGED CASE WHICH APPELLANT IS NOT ON TRIAL FOR AS A BASIS TO FILE AN ANDERS BRIEF.

## V.

APPELLANT RECORD CONTAINS IRREFUTABLE EVIDENCE OF ACTUAL INNOCENCE. APPELLANT HAS AN AFFIRMATIVE DEFENSE UNDER TEXAS PENAL CODE 9.63.

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

JUDGMENT RENDERED AUGUST 28, 2015

NO. 03-14-00401-CR

JOHNNY FLORES NAVARRO, APPELLANT

THE STATE OF V. TEXAS, APPELLEE.

APPEAL FROM 51st DISTRICT COURT OF TOM GREEN COUNTY BEFORE CHIEF JUSTICE ROSE, JUSTICES GOODWIN AND BOURLAND. AFFIRMED — OPINION BY CHIEF JUSTICE ROSE.

ON AUGUST 28, 2015, THE OPINION BY CHIEF JUSTICE ROSE WAS RENDERED IN THIS CASE. ENCLOSED HEREWITH ARE THE MEMORANDUM OPINION.

P. 20

To Whom It May Concern:

I, Carmen Perez, 713 West 16th Street, San Angelo, Texas, do hereby state that I was present at the home of Juan Navarro and Minerva (Lopez) Navarro the evening the incident took place in which Mr. Juan Navarro was attempting to remove pills from the mouth of Mrs. Minerva Navarro. I was at the home to help keep watch over Minerva Navarro through out the night. She had been attempting to over dose on pills over a period of time. On that evening myself and Juan were in the bedroom with Minerva she got upset and reached for a bottle of pills from the night stand on her side of the bed and put them in her mouth, Juan then immediately tried to reach his fingers in her mouth to take the pills out. I would like to state that during my stay I did not witness any kind of abuse towards Minerva Navarro of any kind.

*Carmen Perez*
CARMEN PEREZ

STATE OF TEXAS       }
COUNTY OF TOM GREEN   }

Subscribed and Sworn to before me this 30th day of January, 2014.



NOTARY

NOTARY PUBLIC STATE OF TEXAS
DOMENICA RINCON MORALES
My Commission Expires
February 7, 2017

# COURT OF APPEALS
## FOR THE
## THIRD DISTRICT OF TEXAS
P.O. BOX 12547, AUSTIN, TEXAS 78711-2547
(512) 463-1733

Date:             August 28, 2015

Case Number:      03-14-00401-CR
Trial Court No.:  A-13-0417-SA

Style:            Johnny Flores Navarro v. The State of Texas

---

You are hereby notified that appellant's motion to withdraw from frivolous appeal was granted on the date noted above. Also, the enclosed opinion and judgment were sent this date to the following persons:

> Please note: In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. *See* Tex. R. App. P. 48.4.

The Honorable Lisa C. McMinn
State Prosecuting Attorney
P. O. Box 13046
Austin, TX 78711
* DELIVERED VIA E-MAIL *

Mr. Johnny Flores Navarro
TDCJ #1931583
Tulia Transfer Unit
4000 Hwy. 86 West
Tulia, TX 79088

Mr. John Best
Assistant District Attorney
119th Judicial District
124 W. Beauregard, Suite B
San Angelo, TX 76903
* DELIVERED VIA E-MAIL *

The Honorable Billy Ray Stubblefield
Administrative Judge
Williamson County Courthouse
405 Martin Luther King, Box 2
Georgetown, TX 78626
* DELIVERED VIA E-MAIL *

The Honorable Barbara L. Walther
Judge, 51st District Court
Tom Green County Courthouse
112 W. Beauregard
San Angelo, TX 76903-5850
* DELIVERED VIA E-MAIL *

The Honorable Sheri Woodfin
District Clerk
Tom Green County Courthouse
112 West Beauregard
San Angelo, TX 76903-5850
* DELIVERED VIA E-MAIL *

Mr. Jimmy Stewart
Law Office of Jimmy Stewart
Spur Building
40 W. Twohig, Suite 202
San Angelo, TX 76903
* DELIVERED VIA E-MAIL *

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## JUDGMENT RENDERED AUGUST 28, 2015

## NO. 03-14-00401-CR

**Johnny Flores Navarro, Appellant**

v.

**The State of Texas, Appellee**

## APPEAL FROM 51ST DISTRICT COURT OF TOM GREEN COUNTY
## BEFORE CHIEF JUSTICE ROSE, JUSTICES GOODWIN AND BOURLAND
## AFFIRMED -- OPINION BY CHIEF JUSTICE ROSE

This is an appeal from the judgment of conviction entered by the trial court. Having reviewed the record and the parties' arguments, the Court holds that there was no reversible error in the trial court's judgment of conviction. Therefore, the Court affirms the trial court's judgment of conviction. Because appellant is indigent and unable to pay costs, no adjudication of costs is made.

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00401-CR

Johnny Flores Navarro, Appellant

v.

The State of Texas, Appellee

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT NO. A-13-0417-SA, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

## MEMORANDUM OPINION

The trial court found appellant Johnny Flores Navarro guilty of assault on a family/household member impeding breath/circulation. After finding that appellant had previous convictions, the trial court assessed sentence at thirty years in prison. Appellant's court-appointed attorney has filed a brief concluding that this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. Appellant has filed a brief and a supplemental brief.

# AFFIDAVIT OF APPELLANT

## COURT OF CRIMINAL APPEALS OF TEXAS
### AUSTIN, TEXAS

APPEAL CASE # 03-14-00401-CR

TRIAL CASE # A-13-0417-SA

MR. ABEL ACOSTA, CLERK,

APPELLANTS DEADLINE IN WHICH TO FILE HIS PETITION FOR DISCRETIONARY REVIEW IS, NOVEMBER 30, 2015.

APPELLANT HAS PLACED HIS P.D.R. IN THE MAIN HALL WAY MAILBOX OF THE FERGUSON UNIT, ON THIS DAY NOVEMBER 27, 2015.

APPELLANT WAS TRANSFERED ON OCT. 27, 2015, FROM TULIA UNIT, TULIA, TEXAS, TO THE FERGUSON UNIT, MIDWAY, TEXAS.

APPELLANT WAS THEN HOUSED ON A-9-9, AN OVERFLOW SECTION WITH limited MOVEMOMENT DELAYING HIS LITIGATION FOR 19 DAYS.

UNITED STATES CODE, TITLE 28 § 1746
( SWORN/UNSWORN DECLARATION

I, JOHNNY FLORES NAVARRO, HEREBY SWEAR UNDER PENALTY OF PERJURY THAT THE ATTACHED FOREGOING DOCUMENT IS TRUE AND CORRECT.
NOVEMBER 27, 2015.

Johnny Flores Navarro
#1931583, Ferguson unit
12120 Savage DR.
Midway, Texas 75852

John Flores Navarro
#1931583
Ferguson Unit, 12120 Savage, Dr.
Midway, Texas 75852

LEGAL MAIL.

Abel Acosta, Clerk,
Court of Criminal Appeals of Tex
P.O. Box 12308, Capitol St,
Austin, Texas 78711



We have reviewed the record and the briefs and agree that the appeal is frivolous and without merit. We affirm the judgment of conviction and grant counsel's motion to withdraw as appellant's attorney.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed: August 28, 2015

Do Not Publish

2